IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00556-SKC

LUIS DANIEL YANEZ CHAVEZ,

    Petitioner,

v.

JUAN BALTAZAR, *et al.*,

    Respondents.

## ORDER

Petitioner Luis Daniel Yanez Chavez is a citizen of Mexico who entered the United States without inspection and has resided here continuously for over 20 years. Dkt. 1, ¶40; Dkt. 4-3, p.2. He has a wife and two teenaged children, both of whom are U.S. citizens, he owns his own business, and he has no criminal history. Dkt. 1, ¶40. Mr. Yanez Chavez is currently being detained at the Denver Contract Detention Facility. *Id.* at p.2.

Mr. Yanez Chavez filed a Petition for Writ of Habeas Corpus on February 11, 2026, seeking an order from this Court directing Respondents to affect his immediate release or provide him with a bond hearing. *Id.* at p.22. He contends he is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). *See generally* Dkt.

1

1. This Court ordered Respondents[1] to respond to the Petition on or before February 20, 2026, and show cause why it should not be granted. Dkt. 10. Respondents timely filed their Answer to the Petition (Dkt. 15), and on February 24, 2026, Petitioner filed a Reply (Dkt. 16).

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id*. Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the Response, the Reply, the various attachments, and the governing law. Because Mr. Yanez Chavez's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

---

[1] "Respondents" refers to Pamela Bondi, the United States Attorney General; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; Daren K. Margolin, Director for the Executive Office of Immigration Review; Robert Hagan, the Director of the Denver ICE Field Office; and Juan Baltazar, the Warden of the Denver ICE Detention Center.

## ANALYSIS

This matter presents a similar factual background and procedural posture to another of the Court's recent cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Aleman Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

In much appreciated candor, Respondents acknowledge that the facts and legal issues in this case are materially indistinguishable from those in *Aleman Hernandez*. Dkt. 15, pp.2-5. Although they disagree with the Court's previous conclusions, they recognize that the Supreme Court and Tenth Circuit have not yet offered guidance on these legal questions. *Id.* Respondents also discuss the Fifth Circuit's recent order in *Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at *5–10 (5th. Cir. Feb. 6, 2026), wherein that court agreed with Respondents' interpretation of the relevant statutes and they have attached their response brief in *Mendoza Gutierrez v. Baltazar*, 25-cv-2720-RMR, which explains their positions on these matters (Dkt. 10-

3

1).

The Court has reviewed the Fifth Circuit's opinion but is instead persuaded by District Judge Charlotte N. Sweeney's analysis in *Singh v. Baltazar*, --- F.Supp.3d ---, 2026 WL 352870, at **3-6 (D. Colo. Feb. 9, 2026), wherein she surgically dismantles the Fifth Circuit's reasoning. Like Judge Sweeney, this Court is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez, supra*, as though stated fully herein.

Mr. Yanez Chavez has been in the United States for over 20 years, and therefore, it cannot be said that he is *seeking* admission as described under 8 U.S.C. § 1225(b)(2)(A); rather, he is only properly detained under § 1226. *See Aleman Hernandez*, 2025 WL 3718159, at **2-7. To be sure, on Mr. Yanez Chavez's Notice to Appear, the immigration official checked the box stating, "You are [a noncitizen] *present in the United States* who has not been admitted or paroled," rather than the box stating Mr. Yanez Chavez was "an arriving [noncitizen]." Dkt. 4-3, p.2 (emphasis added). Because "the Government has affirmatively decided to treat [Petitioner] as being detained under Section 1226(a)[,] it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025). *See also Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023), quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (the "[*SEC v. Chenery Corp.*, 318 U.S. 80, 95

4

(1943)] doctrine requires an agency to 'defend its actions based on the reasons it gave when it acted' in the interest of promoting agency accountability, instilling confidence in agency decisions, and maintaining an orderly process of review."). Therefore, Mr. Yanez Chavez's continued detention pursuant to § 1225 is unlawful.

## REMEDY

The Court turns now to the question of relief. In this instance, the Court cannot conclude that ordering Respondents to provide Mr. Yanez Chavez with a bond hearing under § 1226 is an appropriate remedy. Not only is Petitioner's continued detention pursuant to § 1225 unlawful, but there is no indication that his original detention by DHS was lawful. Under § 1226, a noncitizen may only be arrested pursuant to a "warrant issued by the Attorney General." 8 U.S.C. § 1226(a). In this case, there is no administrative warrant in the record, and Respondents have not claimed that one exists.

In their Answer, Respondents contend that even if the Court concludes—as it has done—that § 1225 is inapplicable, it should order a bond hearing as opposed to immediate release. Dkt. 15, pp.8-9. Specifically, they assert Mr. Yanez Chavez has conceded that he is being detained pursuant § 1226, and therefore, a bond hearing is appropriate. *Id*. The Court is not persuaded. Although Mr. Yanez Chavez has argued that only § 1226 applies to him, and he argues in the alternative for a bond hearing, the Court does not agree that he concedes being properly detained in the first place or that he has waived any requirement that Respondents issue an administrative

5

warrant prior to his arrest.

Because there is no evidence of a lawful basis for his detention, the Court concludes Mr. Yanez Chavez is entitled to immediate release. *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026); *see also Bethancourt Soto v. Soto*, ---F.Supp.3d---, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025). "Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the purpose of habeas review." *Rivero v. Mina*, 2026 WL 199319, at *4.

\* \* \*

For the reasons shared above, Luis Daniel Yanez Chavez's Petition for Writ of Habeas Corpus is **GRANTED**[2] and the Court **ORDERS** as follows:

1. Mr. Yanez Chavez is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Mr. Yanez Chavez from detention. However, if Mr. Yanez Chavez resides outside of Colorado and is only in this state because Respondents transferred him here, Mr. Yanez Chavez shall remain in Respondents' temporary custody for the sole purpose of

---

[2] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

    Respondents effectuating his return to his place of residence.

3. If necessary, Respondents **SHALL** transport Mr. Yanez Chavez back to his place of residence outside of Colorado, **at their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of this Court's Order and allow Mr. Yanez Chavez to return home, Respondents are also temporarily enjoined from detaining Mr. Yanez Chavez pursuant to 8 U.S.C. § 1226 for a period of fourteen days.

5. On or before Monday, March 2, 2026, Respondents shall confirm in writing Petitioner's release from custody and, if necessary, his return home.

6. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED:    February 25, 2026, 10:45 AM.

                                               BY THE COURT

                                               _____

                                               S. Kato Crews
                                               United States District Judge